# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEWIS ELSWORTH McNACK, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-09-1072-HE |
| | ) |
| H.A. LEDEZMA, WARDEN, | ) |
| | ) |
| Respondent.[1] | ) |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing *pro se* and currently confined at the Federal Correctional Institution (FCI) at El Reno, Oklahoma, has filed an action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pending before the Court is Respondent Ledezma's Motion to Dismiss [Doc. #17]. Petitioner has filed a Response [Doc. #19] and the matter is now at issue. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

In this action, Petitioner challenges the legality of a federal sentence, not its execution. Petitioner may not pursue this challenge in an action brought pursuant to § 2241, however, because Petitioner has failed to establish the remedy under 28 U.S.C. § 2255 (governing challenges to the legality of a federal conviction and sentence) is inadequate or ineffective.

---

[1] Petitioner also named as Respondent the United States of America. However, the proper respondent in a § 2241 action is the petitioner's current custodian. *See* 28 U.S.C. § 2242 (application for writ of habeas corpus shall "name the person who has custody over him"); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004) ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."). In this case, therefore, the proper respondent is H.A. Ledezma, Warden of FCI El Reno. The United States, therefore, should be dismissed from this action.

## I. Background

On September 29, 2003, Petitioner entered a guilty plea on a charge of bank robbery in violation of 18 U.S.C. § 2113(a), Case No. 03-CR-102-C, United States District Court for the Northern District of Oklahoma. As part of the plea agreement, Petitioner stipulated that he was a career criminal under § 4B.1 of the United States Sentencing Guidelines (USSG). *See United States v. McNack*, 239 Fed. Appx. 413 (10th Cir. July 12, 2007) (unpublished op.) (reciting case history). On January 6, 2004, Petitioner was sentenced to 178 months imprisonment, followed by three years of supervised release. *Id*. On direct appeal, Petitioner's conviction and sentence were affirmed. *Id*. *See also United States v. McNack*, 146 Fed. Appx. 957 (10th Cir. Aug. 30, 2005) (unpublished op.).

Petitioner filed a motion for relief under 28 U.S.C. § 2255 in the sentencing court and relief was denied. Petitioner appealed the denial of § 2255 relief raising two issues: (1) counsel was ineffective for refusing to object to inaccuracies in his presentence report; and (2) his due process rights were violated because his presentence report was incorrect when he was sentenced and, had it been corrected, he would not have been classified as a career criminal. *See McNack*, 239 Fed. Appx. at 415. On July 12, 2007, the Tenth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability and dismissed his appeal. *Id*.

On February 20, 2009, Petitioner filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 in this judicial district. *See McNack v. Ledezma*, Case No. 09-204-HE, United States District Court for the Western District of Oklahoma. Petitioner later moved

voluntarily to dismiss the action, and the Court entered an order [Doc. #25] showing the action dismissed without prejudice as of July 24, 2009, the date Petitioner filed his notice of voluntary dismissal.

Petitioner then sought authorization from the Tenth Circuit Court of Appeals to file a second or successive motion pursuant to § 2255(h). *See In re McNack*, Case No. 09-5121, United States Court of Appeals for the Tenth Circuit. In support of his request for authorization, Petitioner asserted that his claim relied on a "new rule of law," citing the recent decision of the United States Supreme Court in *Chambers v. United States*, 129 S.Ct. 687 (2009). The Tenth Circuit denied Petitioner's request, finding he did not meet the applicable standards set forth in 28 U.S.C. § 2255(h). *See In re McNack*, Case No. 09-5121, Order (10th Cir. Sept. 3, 2009) (noting that *Chambers* did not set forth "a new rule of constitutional law" and that the Supreme Court had not stated in *Chambers* that its holding was retroactive to cases on collateral review). Petitioner then proceeded to file the instant action.

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. He claims a state court escape conviction was improperly used to enhance his federal sentence. He bases his entitlement to relief on *Chambers*.

In *Chambers*, the Supreme Court addressed a split among the Circuit Courts of Appeal as to whether failure to report for imprisonment falls within the scope of the term "violent felony" as defined in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). In that case, the sentencing court found the petitioner was subject to a 15-year mandatory prison

3

term under the ACCA because the petitioner had three prior convictions that qualified as an ACCA "serious drug offense" or "violent felony." The petitioner challenged the finding that his prior state law conviction for failing to report qualified as a violent felony. The Supreme Court held that the conviction for failure to report did not qualify as a violent felony for purposes of the ACCA because "it does not involve conduct that presents a serious potential risk of physical injury to another." *Id.* at 691 (quotations omitted).

Here, Petitioner contends his state court escape conviction does not qualify as a violent felony because, like the conviction at issue in *Chambers*, Petitioner's conviction resulted from a failure to report and did not involve the requisite harmful conduct.[2]

Respondent moves for dismissal of the Petition as improperly brought pursuant to § 2241. Respondent contends that because Petitioner challenges the legality of his sentence, § 2255 provides the sole mechanism through which he may seek relief. Respondent submits

---

[2]Petitioner challenged the use of his escape conviction for sentence enhancement in his § 2255 motion in the context of a claim of ineffective assistance of counsel. At that time, Tenth Circuit precedent foreclosed his argument that the escape conviction did not constitute a "violent felony" and the Tenth Circuit rejected his claim of ineffective assistance of counsel on the basis of that precedent:

> The [Sentencing] Guidelines do not specifically classify escape as a violent crime, and if this were a question of first impression we might well question whether all escapes fall within that category. But this and other courts have held "that an escape conviction 'by its nature . . . is properly characterized as a crime of violence,' " regardless of particular circumstances.

*McNack*, 239 Fed. Appx. at 415 (*quoting United States v. Mitchell*, 113 F.3d 1528, 1533 (10th Cir.1997)) (additional quotations and citations omitted). The Tenth Circuit then concluded: "Quite simply, Mr. McNack's counsel did not object to the defendant's classification as a career criminal because such an objection would have been futile." *Id.*

4

that a § 2255 motion must be filed in the district of conviction (the United States District Court for the Northern District of Oklahoma) and therefore contends this Court lacks jurisdiction over Petitioner's claims.

In responding to Respondent's Motion to Dismiss, Petitioner states that he seeks to invoke § 2255's savings clause which would allow him to proceed with a challenge to his sentence under § 2241 if the remedy provided by § 2255 were inadequate or ineffective to test the legality of his detention. Petitioner contends that, in the particular circumstances of his case, the remedy under § 2255 is inadequate and ineffective. Respondent has not replied to that contention.

## II.     Analysis

It is well-established that habeas petitions filed pursuant to § 2241 and motions filed pursuant to § 2255 generally serve different and distinct purposes. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). In contrast, a § 2255 motion "attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Id.* (citation omitted).

Section 2255 is generally the exclusive remedy available to a federal prisoner attacking the legality of his conviction and sentence. *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). A narrow exception exists, however, if the remedy provided by § 2255 is inadequate or ineffective. *Id*. Section 2255 contains a savings clause which provides:

5

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).

The remedy under 28 U.S.C. § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho*, 177 F.3d at 1178. For example, the remedy by motion under § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief due to the involvement of other sentencing courts. *See id.* Another situation that may render the remedy under § 2255 inadequate or ineffective is when the gate-keeping language of § 2255 bars application of a Supreme Court case, made retroactive to cases on collateral review, that does not state a new rule of constitutional law but does establish that the petitioner "may have been convicted of a nonexistent offense." *See, e.g., Reyes-Requena v. United States*, 243 F.3d 893, 903-904 (5th Cir. 2001). This "actual innocence" component to the savings clause test "capture[s] the idea that the incarceration of one whose conduct is not criminal 'inherently results in a complete miscarriage of justice.'" *Id.* at 904.

It is well-established that the fact relief has previously been denied is insufficient to demonstrate the § 2255 remedy is inadequate or ineffective. *See Bradshaw*, 86 F.3d at 166 (it is the petitioner's burden to show that the § 2255 remedy is inadequate or ineffective, and

a previous failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective). Likewise, that a petitioner may be precluded from filing a second § 2255 motion does not establish that the statutory remedy is inadequate or ineffective. *Caravalho*, 177 F.3d at 1179.

Petitioner claims he may invoke the savings clause because § 2255 allows a successive motion to be filed only where the claim involves newly discovered evidence or the Supreme Court has announced a new rule of constitutional law, made retroactive to cases on collateral review. *See* 28 U.S.C. § 2255(h).[3] Indeed, in denying Petitioner's request for authorization to file a second or successive § 2255 motion, the Tenth Circuit expressly found that *Chambers* did not announce a new rule of constitutional law but decided only a question of statutory interpretation:

> In *Chambers*, the Supreme Court held that a failure-to-report charge under Illinois law was not a violent felony within the terms of the Armed Career Criminal Act. *See id*. at 689-90. Although this is a Supreme Court case that was previously unavailable that might be helpful to Mr. McNack's claim, it does not satisfy the standard for authorization under § 2255(h)(2). First,

---

[3]Section 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

7

> *Chambers* did not set forth "a new rule of constitutional law," *see id.*, instead it resolved a question of statutory interpretation. Second, the Supreme Court did not state in *Chambers* that the case's holding should be "made retroactive to cases on collateral review," *see id.*

*See In re McNack,* Case No. 09-5121, Order (10th Cir. Sept. 3, 2009). *Compare In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997) (holding that habeas petitioner could not raise *Bailey* claim in a successive § 2255 motion because the AEDPA restricts successive § 2255 motions to constitutional claims and the petitioner's *Bailey* claim involved only an issue of statutory construction). Because Petitioner cannot satisfy the § 2255(h) standard, he contends the § 2255 remedy is inadequate or ineffective.

The Tenth Circuit has not decided whether it would allow a § 2241 petition to proceed in the circumstances presented here. In unpublished decisions, however, the Tenth Circuit has "assume[d] the existence of [an] actual-innocence exception" and analyzed whether the petitioner would qualify to proceed under § 2241. *See Prevatte v. Gunja*, 167 Fed. Appx. 39, 43-44 (10th Cir. Feb. 13, 2006) (unpublished op.) (addressing petitioner's claim brought pursuant to § 2241 that he was convicted under 18 U.S.C. § 844(i) on a factual basis the Supreme Court later clarified in *Jones v. United States*, 529 U.S. 848 (2000), was not within the scope of the statute); *Hernandez-Escarsega v. Morris*, 43 Fed. Appx. 181, 184 (10th Cir. May 3, 2002) (unpublished op.) (recognizing that "[o]ther circuits allow a federal prisoner who is 'actually innocent' of the crime of conviction, but who never has had 'an unobstructed procedural shot' at presenting a claim of innocence, [to] resort to § 2241 if the possibility of relief under § 2255 is foreclosed") (citation and internal quotations omitted).

In *Hernandez-Escarsega*, the Tenth Circuit discussed the actual innocence showing required by other circuits as necessary to proceed with a challenge to a conviction and sentence by way of a § 2241 petition. The petitioner must show factual innocence rather than legal innocence. *Id.*, 43 Fed. Appx. at 185 (*citing Reyes-Requena*, 243 F.3d at 903-904; *Triestman v. United States*, 124 F.3d 361, 379-380 (2d Cir. 1997)). The Tenth Circuit noted "the core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Hernandez-Escarsega*, 43 Fed. Appx. at 184 (*citing Reyes-Requena*, 243 F.3d at 903).[4]

In each of the cases where the Tenth Circuit has assumed an actual innocence exception for purposes of allowing a habeas petitioner to proceed under § 2241, the petitioner has challenged the underlying conviction. Here, however, Petitioner does not claim he is actually innocent of the underlying bank robbery conviction. Nor does he claim he is actually innocent of the escape conviction. *See* Petition at 4, ¶ 14(a) ("I failed to report to the designated pick up area on the day I escaped."). Instead, he claims he is "innocent" only of the sentence enhancement he received as a result of the escape on grounds that, according to *Chambers*, his escape conviction is not a "violent felony" for purposes of the ACCA.

In a related habeas context, the Tenth Circuit has refused to allow successive collateral review of a sentence enhancement challenge on grounds of actual innocence. *See Reid v.*

---

[4] In *Reyes-Requena*, the Fifth Circuit held that "the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.* 243 F.3d at 904.

9

*State of Oklahoma*, 101 F.3d 628, 630 (10th Cir. 1996). In *Reid*, a state prisoner attempted to bring a third habeas petition pursuant to 28 U.S.C. § 2254 challenging a sentence enhancement on grounds of actual innocence. The Tenth Circuit affirmed the dismissal of the successive petition:

> [W]e find nothing in the record to implicate the "miscarriage of justice" exception, which requires a claim of actual innocence regarding the offense under review. [Citations omitted.] Petitioner challenges his conviction and sentence in Oklahoma . . . yet he does not assert that he is innocent of the felonies to which he pled guilty there. Instead, he asserts that he "is innocent of the enhancement charge.". . . . The Oklahoma habitual offender statute merely adds a noncapital enhancement to a sentence imposed for an underlying felony conviction; it does not set out elements of an independent criminal offense. [Citation omitted.] Accordingly, because "[a] person cannot be actually innocent of a noncapital sentence," *United States v. Richards*, 5 F.3d 1369, 1371 (10th Cir. 1993), petitioner's challenge to his recidivist enhancement does not fall within the potential scope of the miscarriage of justice exception.

*Reid*, 101 F.3d at 630. Although addressing a different kind of enhancement statute within a different habeas context, *Reid* provides some indication as to how the Tenth Circuit would address an actual innocence claim in the § 2241 context brought by Petitioner.

Consistent with the Tenth Circuit's rationale in *Reid*, federal courts in other circuits addressing whether a § 2241 petition can be used to raise a claim challenging a sentence enhancement on grounds of actual innocence have uniformly held that § 2255's savings clause does not apply and have not allowed the claim to proceed under § 2241.[5]

---

[5] *See, e.g., Davis v. Pugh*, 222 Fed. Appx. 925, 927 (11th Cir. March 28, 2007) (unpublished op.) (petitioner could not proceed under § 2241 to raise claim that he was actually innocent of sentence enhancement; only a claim that a petitioner has been convicted of non-existent substantive offense is available under § 2255's savings clause); *Gay v. Reese*, No. 5:06cv105-DCB-MTP, 2009
(continued...)

Further, federal courts addressing challenges to sentence enhancements by way of a § 2241 petition in reliance on the United States Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008) are virtually unanimous in their holding that such challenges are foreclosed. Because of the similarities between *Begay* and *Chambers*, these cases are particularly persuasive.

In *Begay*, the Supreme Court was called upon to decide whether the New Mexico felony offense of driving under the influence of alcohol is a "violent felony" within the meaning of the ACCA. The Supreme Court concluded the offense did not constitute a

---

[5](...continued)
WL 649675 at *3 (S.D. Miss. Feb. 13, 2009) (unpublished op.) (petitioner could not proceed under savings clause of § 2255 on grounds of actual innocence where petitioner did not claim he was actually innocent of the crime of conviction but of being a career criminal for purposes of sentencing enhancement); *Turner v. Stansberry*, No. 3:08cv664, 2008 WL 5047816 at *1 (E.D. Va. Nov. 25, 2008) (unpublished op.) (rejecting claim brought pursuant to § 2241 that petitioner was actually innocent of two sentence enhancements on grounds that "[t]he United States Court of Appeals for the Fourth Circuit has 'not extended the reach of the savings clause to those petitioners challenging only their sentence'") (*citing United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008)); *see also Brown v. Rivera,* No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 at *3 (D.S.C. April 7, 2009) (unpublished op.) ("In regard to Petitioner's claim that he is actually innocent of being an armed career criminal, that claim is facially inadequate to require consideration because 'Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence.'") (*citing Poole*, 531 F.3d at 267 n. 7); *Blake v. Joslin*, No. 3:05-CV-2519-R, 2006 WL 537406 at *2 (N.D. Tex. Feb. 23, 2006) (unpublished op.) (holding that petitioner could not utilize savings clause where he claimed he was sentenced as a career offender based on "crimes of violence" that were not in fact "crimes of violence" as "[s]uch a claim is not the type of actual innocence claim contemplated by the savings clause") (*citing Kinder v. Purdy*, 222 F.3d 209, 213-214 (5th Cir. 2000) (petitioner's argument that his underlying conviction could not support application of the career offender provisions is not the same as an argument that "he is innocent of the crime for which he was convicted," and the former, even if correct, would not entitle him to proceed under § 2255's savings clause)); *Coles v. United States*, 177 F.Supp.2d 710, 713 (N.D. Ohio 2001) (where petitioner's claim of actual innocence related to a sentencing factor – the ACCA enhanced sentence penalty – and not the underlying substantive crime of conviction, petitioner could not invoke savings clause of § 2255 as interpreted by the Sixth Circuit Court of Appeals).

11

"violent felony." Most federal courts have since rejected § 2241 challenges pursuant to *Begay* finding that the actual innocence exception necessary to invoke § 2255's savings clause does not apply to errors related to sentence enhancements. *See, e.g., Wilbourn v. Sherrod*, No. 09-cv-109-DRH, 2009 WL 3060199 at * 4 (S.D. Ill. Sept. 22, 2009) (unpublished op.) (addressing Petitioner's challenge to his sentence enhancement based on *Begay* and concluding: "Arguments that a sentence enhancement was misapplied simply do not represent a fundamental miscarriage of justice that the law requires to allow a federal prisoner to collaterally attack his sentence pursuant to § 2241."). As the District Court for the Southern District of Illinois explained in *Wilbourn*:

> Wilbourn was not convicted of being a "career offender." It is not a "crime" to be a "career offender." Rather, that status is a sentencing enhancement that acts to increase the sentence of a convicted defendant that meets the definition. *See* U.S.S.G. § 4B1.1. It is intended to ensure increased sentences for recidivist offenders who committed crimes of violence or drug offenses. *See United States v. Labonte*, 520 U.S. 751, 774, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997). Being innocent of being a career offender is innocence only in a "technical sense," which is insufficient to show that § 2255 is "inadequate or ineffective" and thus allow a § 2241 petition by a federal prisoner. *In re Davenport*, 147 F.3d 605, 609-610 (7th Cir.1998). Instead, such a claim is appropriate for a direct appeal or a § 2255 motion to vacate or modify sentence.

*Id*. at *4. *See also Talbott v. Holencik*, No. EDCV 08-0619-VBF (JTL), 2009 WL 322107 at *7 (C.D. Cal. Feb. 5, 2009) (unpublished op.) (holding petitioner cannot proceed under § 2241 to challenge a sentence enhancement pursuant to *Begay*; claim that petitioner is actually innocent of being an armed career criminal does not constitute claim of factual

12

innocence); *Ross v. Zuercher*, No. 09-CV-152-ART, 2010 WL 568528 at *2-3 (E.D. Ky. Feb. 12, 2010) (unpublished op.) (accord).[6]

Consistent with these holdings, the few federal courts to address a collateral challenge specifically based on *Chambers* have held that relief under § 2241 is unavailable. *See, e.g., Dority v. Roy*, No. 5:09cv57, 2010 WL 796248 at *3 (E.D. Tex. March 8, 2010) (unpublished op.) (petitioner's claim that he was not an armed career criminal based on Supreme Court's decision in *Begay* and *Chambers* did not amount to a claim that he was convicted of a non-existent offense, but was merely a challenge to his sentence enhancement; therefore he could not proceed under § 2255's savings clause); *accord Perry v. Hickey*, No. CV209-55, 2010 WL 723000 at *1 (S.D. Ga. March 2, 2010) (unpublished op).

This Court is aware of one district court within the Tenth Circuit Court of Appeals that has addressed a challenge to a prisoner's sentence enhancement based on *Chambers* in

---

[6]*But see United States v. Salazar*, No. 04-20013, 2009 WL 2448868 (D. Kan. Aug. 10, 2009) (unpublished op.) ("[T]he court concludes that § 2255 is inadequate to address the *Begay* issue [petitioner] raises."). In *Salazar*, the petitioner was sentenced as a career offender under § 4B1.1 of the USSG based in part on the court's determination that his involuntary manslaughter conviction constituted a "crime of violence" for purposes of the USSG. After relief pursuant to a § 2255 motion was denied, the Supreme Court decided *Begay*. In support of finding relief under § 2255 inadequate, the court noted that the petitioner's sentence followed the settled law of the circuit at the time of his conviction but that "a later non-constitutional statutory interpretation decision may have changed the characterization of the conduct for which Mr. Salazar received an increased sentence." *Id*. at * 5. The court then determined the petitioner could proceed with an action brought pursuant to § 2241 and transferred the action to the district where the petitioner was confined.

The *Salazar* decision appears to stand alone in its conclusion that § 2255's savings clause may be invoked to challenge a sentence enhancement as opposed to the underlying criminal conviction. But *Salazar* did not address any distinction between the two types of challenges, contrary to the weight of authority set forth herein. For this reason, *Salazar* is not persuasive authority.

a § 2241 petition. *See Sines v. Wilner*, No. 09-cv-01240-BNB, 2009 WL 2365406 (D. Colo. July 31, 2009) (unpublished op.). Like Petitioner here, Mr. Sines argued that pursuant to *Chambers*, he was actually innocent of a sentence enhancement triggered by two prior escape convictions. The court considered whether the § 2255 remedy was inadequate or ineffective applying standards adopted by the Fifth Circuit Court of Appeals in *Reyes-Requena*, 243 F.3d at 903.[7] The court rejected "Mr Sines' contention that the Supreme Court's decision in *Chambers* demonstrates he is actually innocent" for purposes of invoking § 2255's savings clause. *Id.*, 2009 WL 2365406 at *2. The Court explained:

> Mr. Sines does not argue that he is actually innocent of possessing a stolen firearm, the offense to which he pled guilty in his criminal case. He also does not argue that he is actually innocent of the prior escape convictions that triggered the sentence enhancement he is challenging. Instead, Mr. Sines argues only that he is actually innocent of the sentence enhancement based on *Chambers*. Even assuming Mr. Sines' interpretation of *Chambers* and how that decision would affect his own sentence is accurate, his argument that he is actually innocent of a sentence enhancement is not the sort of actual innocence that could justify a determination that the remedy available pursuant to § 2255 in his criminal case is inadequate or ineffective.

*Id.* at *3 (citation omitted).

In sum, although the Tenth Circuit Court of Appeals has not decided the precise question raised in this action, the significant weight of persuasive federal authority forecloses relief. Accordingly, Petitioner's claim that he is "actually innocent" of a sentence

---

[7]As the Court in *Sines* noted, the Tenth Circuit has cited with approval the Fifth Circuit's *Reyes-Requena* actual innocence standard applicable to § 2255's savings clause. *See United States v. Apodaca*, 90 Fed. Appx. 300, 304 n.10 (10th Cir. Jan. 30, 2004) (unpublished op.) (agreeing with *Reyes-Requena* that recourse to § 2241 "will be unavailing unless accompanied by a clear showing of actual innocence"); *see also Hernandez-Escarsega*, *supra*, 43 Fed. Appx. at 184 (accord).

14

enhancement does not come within the scope of § 2255's savings clause. Petitioner has not demonstrated that § 2255 provides an inadequate or ineffective remedy for testing the legality of his detention, and consequently Petitioner cannot proceed with a challenge to the legality of his detention in a § 2241 petition.

## RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss [Doc. #17] be granted and the Petition be dismissed.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by May __6th__, 2010. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all matters referred by the District Judge in this case.

DATED this __15th__ day of April, 2010.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE