# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEWIS ELSWORTH McNACK, | ) |
|         Petitioner, | ) |
| vs. | ) NO. CIV-09-1072-HE |
| H.A. LEDEZMA, Warden, | ) |
|         Respondent. | ) |

## ORDER

Petitioner Lewis Elsworth McNack, a federal prisoner appearing pro se, instituted this action seeking habeas relief pursuant to 28 U.S.C. § 2241.[1] Consistent with 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred for initial proceedings to Magistrate Judge Valerie K. Couch. She has recommended that a motion to dismiss filed by respondent Ledezma be granted.

Because petitioner challenges the legality of his sentence rather than its execution, he may not proceed under § 2241 unless he establishes that the remedy under 28 U.S.C. §2255 is inadequate or ineffective. The magistrate judge acknowledged that the Tenth Circuit has not decided whether, in circumstances like these where a petitioner cannot satisfy the standard for a second or successive motion under §2255(h), it would allow a §2241 petition to proceed. She noted that, while the appellate court has assumed the existence of an actual innocence exception in unpublished decisions, the exception recognized was one of factual innocence, not legal innocence. In those cases the

---

[1] In addition to H.A. Ledezma, petitioner also named the United States of America as a respondent. Magistrate Judge Couch has recommended that the United States be dismissed from the action, as the proper respondent is Warden Ledezma, petitioner's current custodian.

petitioners were challenging the underlying convictions. Here, petitioner is not claiming to be innocent of the underlying bank robbery conviction or the state court escape conviction that was used to enhance his sentence.

After a thorough analysis of pertinent cases from this and other jurisdictions, Magistrate Judge Couch concluded that petitioner's claim that he is actually innocent of a sentence enhancement does not come within the scope of §2255's savings clause. She therefore determined petitioner cannot challenge the legality of his detention in a § 2241 petition.

Petitioner has objected to the Report and Recommendation. While petitioner's argument is not without appeal, the court agrees with the magistrate judge that he may not seek relief under § 2241.

Accordingly, the court adopts Magistrate Judge Couch's Report and Recommendation, **GRANTS** the respondent's motion [Doc. #17], and dismisses the petition for writ of habeas corpus. The United States is dismissed from the action, as it was improperly named as a respondent.

**IT IS SO ORDERED**.

Dated this 28th day of September, 2010.

JOE HEATON
UNITED STATES DISTRICT JUDGE